IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01983-WJM-KLM

JAMES ROE,

    Plaintiff,

v.

MARGARET HEIL, in her personal capacity and in her official capacity as Chief of Behavioral Health for the Colorado Department of Corrections,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Proceed Anonymously [Docket No. 2; Filed August 1, 2011] (the "Motion"). Service has not yet been completed on Defendant in this matter. The Court determines that the motion is ripe for review without a response.[1] For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

    Plaintiff is a Colorado state prisoner incarcerated at the Bent County, Colorado facility. *See Compl.*, Docket No. 1 at 2. Plaintiff is represented by counsel. Through his counsel, Plaintiff requests to bring this lawsuit anonymously. Plaintiff attests that as a convicted sex offender in the custody of the Colorado Department of Corrections ("CDOC"), he is vulnerable to "severe beatings from other prisoners." *Motion*, Docket No. 2 at 1. Plaintiff believes that, should his real name be disclosed through this lawsuit, he could be

---

[1] Pursuant to D.C.COLO.LCivR 7.1C, a judicial officer may rule on a motion at anytime after it is filed.

subjected to physical harm at the hands of other inmates. *Id.* at 1-2. Plaintiff contends that he is at a unique level of risk for harm, because "his crimes involved minors." *Id.* at 2. Plaintiff recites two past instances of actual threats directed to Plaintiff, as a result of his criminal offenses becoming known to others, including the brothers of the victims of his crimes. *Id.* at 2-3.

Additionally, Plaintiff alleges that considerations related to his wife weigh in favor of proceeding anonymously. *Id.* at 3. Plaintiff represents that his wife "has a professional position with a major university in this state," and exposure of his status as a convicted sex offender could harm her employment and her reputation "in the small town where she lives." *Id.* Plaintiff suggests that without permission to proceed anonymously, he would be "discouraged" from proceeding with his lawsuit. *Id.* at 4. Plaintiff avers that Defendant will not be prejudiced by the protection of his identity, due to the primarily legal nature of his claims. *Id.*

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citing *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *See M.M.*, 139 F.3d at 799 (review of a district court decision denying leave to proceed under a pseudonym pursuant to the abuse of discretion standard). The Federal Rules of Civil Procedure do not contemplate the anonymity of parties. *Id.* at 802. To the contrary, Rule 10(a) requires that the complaint "name all the parties," and Rule 17(a) prescribes that an action be prosecuted "in the name of the real party in interest." However, federal courts have granted permission to plaintiffs to proceed anonymously under certain limited circumstances.

The Tenth Circuit historically has looked to the Eleventh Circuit's jurisprudence regarding whether a plaintiff should be allowed to proceed anonymously. *See Femedeer*, 227 F.3d at 1246 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *M.M.*, 139 F.3d at 802-03 (same). The Eleventh Circuit enumerated three contexts in which a pseudonym is appropriate: 1) "matters of a highly sensitive and personal nature"; 2) cases involving a "real danger of physical harm"; and 3) instances "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* Moreover, the Court must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246 (citing *M.M.*, 139 F.3d at 802-03).

In *M.M.*, a female inmate brought suit against the CDOC arising from allegations that a correctional officer declined to facilitate the inmate's transportation to and payment for abortion services. 139 F.3d at 799. The district court denied the inmate's request to proceed anonymously on the bases of Rule 17(a), that the case presented issues of public policy ("expenditure of public funds") and because the identity of the plaintiff would have been known in any event to her jailers. *Id.* at 800. The district court found "that whatever interest in privacy is claimed on behalf of the plaintiff, the numerous countervailing public interests clearly and decisively outweigh it." *Id.*

The Tenth Circuit affirmed the lower court, for three key reasons. First, the *M.M.* court found that the lower court did not abuse its discretion, because it "exercised 'informed discretion.'" *Id.* Second, the court was persuaded by the "fact the plaintiff's identity is already known to the state agency and staff." *Id.* Third, the court agreed that as the plaintiff's "claim to relief clearly involve[d] the use of public funds, . . . the public certainly ha[d] a valid interest in knowing how state revenues are spent." *Id.*

In *Femedeer*, the Tenth Circuit again denied a plaintiff's request to proceed anonymously. 227 F.3d at 1246-47. The plaintiff in *Femedeer*, like the Plaintiff in this matter, is a convicted sex offender. *Id.* at 1246. The *Femedeer* court determined that the public's interest in access to legal proceedings that attack "the constitutionality of popularly enacted legislation" outweighed the plaintiff's privacy concerns. *Id.* The court further noted that a plaintiff proceeding anonymously increases the difficulty of applying res judicata or collateral estoppel. *Id.* In any event, the court believed that the disclosure of the plaintiff's status as a sex offender had "presumably already occurred in the underlying conviction." *Id.* Finally, the court was not persuaded by plaintiff's request, because he failed to "establish real, imminent personal danger." *Id.*

A judge in this district applied the *Femedeer* analysis in reaching the opposite conclusion. In *Does I-V v. Rodriguez*, Senior District Judge Babcock granted a motion to proceed anonymously submitted by five plaintiffs, who at the time were Mexican nationals who had been "virtually imprisoned" by the defendants at a farm labor compound in Colorado. Nos. 06-cv-00805-LTB & 06-mc-0017-LTB, 2007 WL 684114, at *1 (D. Colo. Mar. 2, 2007). The premise of the plaintiffs' request was their fear of retaliation from the defendants for bringing the civil case after initiating the criminal investigation. *Rodriguez*, 2007 WL 684114 at *2. Although the defendants had been deported to Mexico some months prior, the defendants' son remained in Colorado, and counsel for the plaintiffs had heard defendants' family members making "threatening comments" related to the plaintiffs. *Id.* Judge Babcock found that cumulatively, the investigation, presence of the son, overheard threats, and civil allegations of coercion and violence "raise[d] a serious concern that the plaintiffs . . . [were] at significant risk of retaliation." *Id.* He thus granted the

request to proceed anonymously.

In *Doe v. Heil*, another magistrate judge in this district analyzed a request nearly identical to that within the motion at hand, pursuant to *M.M.* and *Femedeer*. No. 08-cv-02342-WYD-CBS, 2008 WL 4889550 (D. Colo. Nov. 13, 2008). Counsel for Plaintiff in this case also represented the *Doe v. Heil* ("*Doe I*") plaintiff. The *Doe I* plaintiff challenged the CDOC's policy which requires an offender participating in the sex offender treatment program to take and pass a polygraph examination, as well as other policies related to the program, as unconstitutional. 2008 WL 4889550 at *1. The plaintiff brought his request to proceed anonymously on the grounds that, as a convicted sex offender, he feared being beaten by other inmates "if his real name and status as a sex offender was disseminated within the general prison population." *Id.* at *2. As an exacerbating consideration, the plaintiff asserted that he suffered from congestive heart failure and utilized a pace maker and a blood thinning prescription as part of his medical treatment. *Id.*

The *Doe I* court concluded that without additional facts, the plaintiff's status as a convicted sex offender would not justify the use of a pseudonym, particularly considering that the conviction itself was presumably part of the public record. *Id.* at *3. However, the court weighed heavily the plaintiff's contention that his risk of physical harm was increased due to his heart condition and treatment. *Id.* The court distinguished the facts of *Femedeer* on this basis. Furthermore, the court determined that the nature of the challenge as constitutional and the absence of a request for money damages did not indicate that the dispute would hinge on issues of fact. *Id.* at *4. The court balanced these considerations with the public interest and concluded that the *Doe I* plaintiff should be permitted to proceed anonymously. *Id.*

Here, the Court conducts the same balancing test contemplated by the cases described above. Plaintiff presents five discrete considerations in support of his request: 1) he is a convicted sex offender incarcerated with the CDOC's general population, and sex offenders, by virtue of their offense, are subject to severe beatings from other prisoners; 2) he committed his crimes against minors, which heightens his risk of violence at the hands of other inmates; 3) his offense was disclosed at a county jail, thus he was kept in protective custody due to the resulting threats; 4) the brothers of his victims are aware that he is incarcerated and are recognized as his "enemies"; and 5) disclosure of his crimes would adversely affect his wife's employment and status in her home town.

The Court finds that these considerations, even cumulatively, do not outweigh the public interest in open access to the courts. The Court agrees with the *Doe I* court's determination that the stand-alone fact of Plaintiff's status as a convicted sex offender (against minors or otherwise) is not enough to justify anonymity, despite the recognized vulnerability of sex offenders in prison. It is well-settled that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted), and the Eighth Amendment provides a route for relief when prison officials fail to uphold that duty. The first two reasons presented by Plaintiff thus do not persuade the Court to allow anonymous filing.

Regarding the remaining three reasons, the Court believes a similar analysis applies to each. Like the above-stated cases, the Court presumes that the disclosure of Plaintiff's status as a convicted sex offender has already occurred as a result of the underlying conviction and accompanying proceedings, thus countering Plaintiff's assertion that the disclosure of his identity in this civil lawsuit would prejudice his wife. It is further reasonable

to presume that the brothers of his victims would know his identity for the same reason. And, as to the disclosure in the county jail, Plaintiff's concern about the potential for disclosure of his identity became reality due to circumstances unrelated to his filing of this lawsuit, at least as to that location, thereby mooting this basis for his request.  To the extent that Plaintiff implies that disclosure of his identity in the Bent County facility would cause the same problem he experienced in the other county jail, he fails to explain how requiring him to bring the lawsuit in his own name would necessarily result in disclosure of his identity to other inmates in Bent County.

Plaintiff in this matter is more like the *Femedeer* plaintiff and less like the plaintiffs in *Rodriguez* or *Doe I*.  The *Rodriguez* plaintiffs participated in the criminal prosecution of the civil defendants and experienced direct threats as a result.  It is no leap of logic to conclude that they would further be subjected to threats of violence (and likely actual violence, as alleged in their civil complaint) should their identities be disclosed in the civil lawsuit.  The *Doe I* plaintiff suffered from a serious medical condition, which provided a weighty additional consideration in that case.  The extraordinary conditions present in *Rodriguez* and *Doe I* simply are not present here.

As explained by the Tenth Circuit in *Femedeer*, "the public has an important interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation."  227 F.3d at 1246.  Plaintiff attacks the constitutionality of certain policies within the CDOC's Sex Offender Treatment and Monitoring Program, similar to the *Femedeer* plaintiff's challenge to the State of Utah's "sex offender notification scheme."[2]

---

[2] Both challenges involve statutes enacted by state legislatures related to persons convicted of sex-based criminal offenses.

7

Additionally, as pointed out by the *Femedeer* court, without the knowledge of Plaintiff's identity, the Court is constrained in its ability "to apply legal principles of res judicata and collateral estoppel." *Id.* The Court is more cognizant of this fact considering the similarities between the case at hand and the case adjudicated by the *Doe I* court, as the same counsel is involved, the same defendant is named, and the presented claims are distinctly similar.[3]

"Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227 F.3d at 1246. In sum, although Plaintiff is more vulnerable to prison violence as a convicted sex offender incarcerated with the CDOC's general population, Plaintiff proffers no extraordinary circumstance that would justify his use of a pseudonym as he pursues this civil action.[4] Plaintiff challenges a statutory scheme of great public import that has been challenged before on similar facts

---

[3]The previous matter is presently on appeal to the Tenth Circuit as submitted by the plaintiff, and the plaintiff has additionally filed a motion for reconsideration pending before the District Court. *See* Case No. 08-cv-02342-WYD-CBS. Chief Judge Wiley Y. Daniel granted the defendants' motion to dismiss in full on March 21, 2011, on the merits of each claim. In an order on a subsequent motion to amend judgement by the plaintiff, Judge Daniel explained that the claims were "dismissed only to the extent they relate to Plaintiff's termination from the sex-offender treatment program and to the policies and alleged constitutional deprivations related to same." *Doe v. Heil*, 2010 WL 1258011, at *2 (D. Colo. Mar. 26, 2010). Review of the complaint in this case demonstrates to the Court that this Plaintiff also challenges his termination from the sex-offender treatment program and the policies within the program as unconstitutional. *See Compl.*, Docket No. 1.

[4]This type of lawsuit is not uncommon in terms of prisoner litigation. *See, e.g., Petersen v. Dunlap*, No. 08-cv-00668-ZLW-KMT, 2010 WL 4977821 (D. Colo. Oct. 22, 2010); *Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2009 WL 6047205 (D. Colo. Oct. 1, 2009); *Nance v. Stommel*, No. 08-cv-00977-REB-KLM, 2008 WL 5104810 (D. Colo. Dec. 3, 2008); *Beebe v. Heil*, 333 F. Supp. 2d 1011 (D. Colo. 2004). The Court believes that policy dictates restraint in the adjudication of Plaintiff's request, as permitting this Plaintiff under these circumstances to bring suit under a pseudonym would set an undesired precedent. More often than not, the prisoner bringing this type of lawsuit proceeds *pro se* and may file multiple cases pertaining to the same claims. Opening the doors to anonymous filings under such circumstances would be the antithesis of efficiency, expedience, and the just resolution of nonfrivolous disputes.

against the same defendant and by the same counsel.  Thus, the public interest is strong, and outweighs Plaintiff's interest in proceeding anonymously.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  Plaintiff shall file a sworn affidavit under seal revealing his true identity and a contemporaneous motion to seal, on or before **September 21, 2011**.  If he pursues the prosecution of this lawsuit, the caption shall bear his correct name, unless the motion to seal is granted or the District Court sustains any objection to this Order.

Dated and entered at Denver, Colorado, this 7th day of September, 2011.

BY THE COURT:

s/Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge